UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA MENDOZA, individually, and on behalf of all members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04120-AB-JPR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [19]** |

Before the Court is Plaintiff Brenda Mendoza's ("Plaintiff") Motion to Remand ("Motion," Dkt. No. 19). Defendant Marriott International Inc. ("Defendant") filed an opposition (Dkt. No. 22) and Plaintiff filed a reply (Dkt. No. 24). For the following reasons, the Motion is **GRANTED**.

I.   **BACKGROUND**

On March 20, 2024, Plaintiff initiated this action against Defendant in the Superior Court of California, County of Los Angeles. *See* Compl. (Dkt. No. 1-2). Defendant employed Plaintiff from January 2010 to present. Compl. ¶ 18. Plaintiff alleges that Defendant failed to pay minimum and overtime wages, provide meal and rest periods, pay final wages, provide accurate itemized wage statements, keep accurate and complete payroll records, and reimburse employees for expenditures. *See*

1

*id.* ¶¶ 19, 32-46. Defendant allegedly engaged in a "pattern and practice" of wage abuse against hourly-paid or non-exempt employees in California. *Id.* ¶ 25. Plaintiff asserts ten causes of action, individually and on behalf of all current and former hourly-paid or non-exempt employees who worked for Defendant in California at any time during the period from four years preceding the filing of the Complaint to final judgment for various violations of California's Labor Code and Unfair Competition Law. *See id.* ¶ 13

On May 17, 2024, Defendant removed the action to this court on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Notice of Removal ("NOR," Dkt. No. 1). The Notice of Removal alleges that the putative class includes at least 100 employees, minimum diversity exists, and the amount in controversy exceeds the $5 million requirement. *See* NOR ¶¶ 11, 23, 42. Defendant states that it "only included calculation of the putative class's waiting time penalty claims, as this calculation alone meets the standard for removal under CAFA." *Id.* ¶ 29 n.2. Defendant also calculates the amount in controversy for attorneys' fees for the waiting time penalty claim. *Id.* ¶ 42. The Notice of Removal does not specifically address the amount in controversy for Plaintiff's other causes of action, and only contends that "Plaintiff's claims for failure to provide meal and rest periods, unpaid minimum and overtime wages, and failure to reimburse business expenses further increases the amount in controversy far beyond the jurisdictional minimum of $5,000,000." *Id.* ¶ 38. Plaintiff now moves to remand the action.

**II.    LEGAL STANDARD**

A defendant may remove a civil action filed in state court to federal court when the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing federal jurisdiction. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). To meet this burden as to the amount in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)).

CAFA provides federal courts with original jurisdiction over class actions in which (1) the parties are minimally diverse, (2) the putative class has more than 100 members, and (3) and the aggregated amount in controversy exceeds $5 million. 28 U.S.C § 1332(d)(2). "[N]o antiremoval presumption attends cases invoking CAFA." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

Only "when the plaintiff contests, or the court questions, the defendant's allegation" must the defendant submit evidence to establish the amount in controversy by a preponderance of the evidence. *Dart Cherokee,* 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B)); *see Ibarra*, 775 F.3d at 1195; *Harris v. KM Industrial, Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) ("When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold."). The plaintiff may submit evidence to the contrary. *Ibarra*, 775 F.3d at 1198 (citing *Dart Cherokee*, 574 U.S. at 89). Courts may "consider . . . summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Fritsch v. Marriott Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). "An affidavit or declaration used to support or oppose a motion must . . . set out facts that would be [but not necessarily are] admissible in evidence . . . ." Fed. R. Civ. P. 56(c)(4).

## III. DISCUSSION

Plaintiff argues that the Court lacks subject matter jurisdiction because Defendant has failed to demonstrate that the amount in controversy exceeds $5 million as required by CAFA. In assessing the amount in controversy, courts first look to the allegations in the complaint. *Ibarra*, 775 F.3d at 1197. Courts can accept a plaintiff's good faith allegation of the amount in controversy. *Id*. But if the "plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." 28 U.S.C. § 1446(c)(2)(A); *Dart Cherokee*, 574 U.S. at 84.

1  Here, the Complaint does not allege an amount in controversy. *See* Compl.
2  Because Plaintiff challenges Defendant's assumptions used to calculate the amount in
3  controversy, Defendant must provide evidence to support its calculation. To satisfy
4  that requirement, Defendant filed declarations, including from Tiffany Schafer, Vice
5  President of Human Resources for Defendant (Schafer Decl., Dkt. Nos. 3, 22-2), and
6  Chester Hanvey, Director in the Labor and Employment Practice at Berkley Research
7  Group ("BRG") (Hanvey Decl., Dkt. No. 22-1).

**A.  Defendant's Evidentiary Support**

Plaintiff challenges Defendant's evidence to support its amount in controversy calculation. *See* Mot. at 5-7. Plaintiff argues that Defendant failed to provide any evidence of the number of non-exempt California employees terminated between March 20, 2021 and February 16, 2024. *Id.* at 5. Specifically, Plaintiff challenges Defendant's proffered declaration of Tiffany Schafer as insufficient to support Defendant's calculation because it does not explain her knowledge of the employment records, how the employment records are kept, who is responsible for inputting the data, why the information is accurate, and how she ascertained the data pertaining the putative class. *Id.* at 5-6. For example, Plaintiff argues that "it is unclear whether she made her own calculations based on data from the employment records she reviewed, simply recited information already appearing on said employment records, or obtained these calculations from other sources." *Id.* at 6.

The Court finds that the Schafer declaration is appropriate "summary-judgment-type" evidence. Schafer declares that she is familiar with the operations of Defendant and its business records and provides her declaration based upon her personal knowledge and her review of the business records under the penalty of perjury. Schafer Decl. ¶¶ 1-2. This is sufficient. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397-398 (9th Cir. 2010). Defendant has "no obligation … to support removal with production of extensive business records to prove or disprove liability and/or damages." *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *5 (E.D.

4

Cal. 2007). Moreover, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee,* 574 U.S. at 89; *see also Arias*, 936 F.3d at 922 ([A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements.") (quoting *Ibarra*, 775 F.3d 1197). Furthermore, Defendant submits with its opposition declarations relevant to the amount in controversy from Schafer and Chester Hanvey, a Labor and Employment consultant, to support its calculation. *See* Schafer Decl.; Hanvey Decl. *See* Fed. R. Civ. P. 56(c)(4).

### B. Waiting Time Penalties

In the Notice of Removal, Defendant does not calculate damages for all of Plaintiff's claims because it contends that the waiting time penalty claim alone exceeds CAFA's amount in controversy requirement. Defendant alleges that the waiting time penalty for the class is "at least $5,073,600," and associated attorneys' fees is 25% of this amount, or $1,268,400, to arrive at an amount in controversary of at least $6,342,000. *See* NOR ¶¶ 29 n.2, 31-32, 36, 40-42. Plaintiff challenges Defendant's assumptions regarding the number of hours worked per day by former non-exempt or hourly-paid employees, frequency of violations, and number of affected class members. *See* Mot. at 8-12. Plaintiff also raises that Defendant did not assess the amount in controversy for the remaining causes of action and thus waived its right to include these claims in the amount in controversy. *Id.* at 12-13 (citing *Rodriguez v. Circle K Stores, Inc.*, 2019 WL 3026747, at *4 (C.D. Cal. July 11, 2019) and *Wrightnour v. Marriott Hotel Service, LLC*, 2024 WL 2625993 (C.D. Cal. May 23, 2024)).

A removing defendant is entitled to make "reasonable assumptions" about violation rates to estimate the amount in controversy. *Arias*, 936 F.3d at 922. It is inappropriate to demand exact certainty from a defendant in their calculations of the amount in controversy. *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th

989, 993 (9th Cir. 2022). "Where a defendant's assumption is unreasonable on its face without comparison to a better alternative, a district court may be justified in simply rejecting that assumption and concluding that the defendant failed to meet its burden." *Id.* at 996.

Under California Labor Code Section 203(a), "[i]f an employer willfully fails to pay ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced" for up to 30 days. Cal. Lab. Code § 203. This provision "mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." *Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998).

Defendant's calculation of waiting time penalties is based on its own business records and Plaintiff's complaint. *See* NOR ¶¶ 31-32, 36. Defendant's Notice of Removal asserts that from March 20, 2021 to February 16, 2024, at least 1,510 members of the proposed putative class separated from employment with Defendant; Defendant paid the proposed putative class members at least the California minimum wage, which as of January 1, 2021 was $14 per hour; a maximum waiting time penalty of up to 30 days of wages; a 100% violation rate based on the Complaint's general allegation that Defendant "intentionally and willfully failed to pay Plaintiff and other class members who are no longer employed;" and employees worked 8 hours per day. *See* NOR ¶¶ 31-32, 34-37.

However, Defendant's Opposition uses different figures than the Notice of Removal and estimates based on Defendant's "electronic data" that at least 1,562 California non-exempt employees separated from employment with Defendant between March 20, 2021 and February 16, 2024, and these individuals worked an average shift length of 7.61 hours per day, and then assumes an hourly rate of $13 per hour for purposes of his calculation. *See* Opp'n at 12-14; Hanvey Decl. ¶ 5. The Court will treat the waiting time penalty estimate in Defendant's Opposition as an

6

amendment to the calculation in the Notice of Removal and refer to associated assumptions made in the Opposition. *See Rodriguez v. Circle K Stores Inc.*, No. EDCV190469FMOSPX, 2019 WL 3026747, at *4 (C.D. Cal. July 11, 2019) ("A defendant may amend the Notice of Removal after the thirty day window has closed to correct a defective allegation of jurisdiction."). Defendant asserts that Plaintiff's waiting time penalty claim is "derivative of her other allegations" and thus "it is reasonable to construe Plaintiff's complaint as alleging that every discharged or quitting employee had at least some alleged unpaid wages and … would be entitled to waiting time penalties." Opp'n at 13. Defendant thus contends that the waiting time penalty claim places at least $4,635,859.80 in controversy. *See id.*

Defendant then provides three alternative amount in controversy calculations for the waiting time penalty based on assumed variables of the number of affected class members and the number of days of pay: (1) assuming half of the 1,562 former employees are entitled to waiting time penalties for 30 days to arrive at $2,317,929.90; (2) assuming all 1,562 former employees are entitled to waiting time penalties for 10 days to arrive at $1,545,286.60; and (3) assuming half of the 1,562 former employees are entitled to waiting time penalties for 10 days to arrive at $772,643.30. *Id.* at 14; Hanvey Decl. ¶ 5.

First, the amount in controversy inquiry begins with the Complaint. *Ibarra*, 775 F.3d at 1197. The Complaint alleges that "Plaintiff and the other class members worked over eight (8) hours in a day and/or over forty (40) hours in a week during their employment with Defendants." *See* Compl. ¶ 24. Thus, Defendant's claim that the former non-exempt employees may be entitled to waiting time penalties equivalent to full-time wages is consistent with the Complaint. *See Wrightnour v. Marriott Hotel Serv., LLC*, No. 5:24-CV-00465-SSS-SHKX, 2024 WL 2625993, at *2 (C.D. Cal. May 23, 2024). Defendant also offers evidence indicating that the former employees worked an average shift length of 7.61 hours per day during the period between March 20, 2021 and February 16, 2024. *See* Hanvey Decl. ¶ 5.

Next, Defendant's assumption that every former employee is entitled to the maximum thirty-day penalty available under Section 203 is unsupported. *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1021 (N.D. Cal. 2010). While courts are split on the requisite allegations to assume class members are entitled to the 30-day maximum penalty, the Court finds that there is "little justification" here that the possible liability at stake is equivalent to each of the 1,562 former non-exempt employees during the relevant period being entitled to 7.61 of pay for thirty days in penalties. *See Evers v. La-Z-Boy Inc.*, 2022 WL 2966301, at *9 (S.D. Cal. July 27, 2022). Furthermore, Defendant's use of a 100% violation rate to assume that it will pay wages to each of the 1,562 former non-exempt employees is unsupported. *See Rodriguez*, 2019 WL 3026747, at *2 ("Courts disavow the use of a 100% violation rate when calculating the amount in controversy absent evidentiary support.") (listing cases). This leaves the alternative offered by Defendant: half of the 1,562 former employees entitled to waiting time penalties for 10 days to arrive at $772,643.30. *See* Hanvey Decl. ¶ 5. Defendant assumes 50% of the 1,562 former non-exempt employees may be entitled to payment and assumes they are entitled to payment for 10 days. But there is no basis for evaluating the reasonableness of these assumptions. Indeed, Defendant seems to have pulled these assumptions "out of thin air." *Rodriguez*, 2019 WL 3026747, at *3.

### C. Plaintiff's Other Claims

In its Opposition, Defendant further asserts that Plaintiff's meal and rest period claims place at least $6,324,763 in controversy and Plaintiff's wage statement claim places at least $8,758,600 in controversy. *See* Opp'n at 10-12. However, Defendant did not raise these grounds in the Notice of Removal. Defendant "only included calculation of the putative class's waiting time penalty claims" for purposes of removal under CAFA. NOR ¶ 29 n.2. Because Defendant relies on new grounds not in the Notice of Removal and the 30-day period to remove under 28 U.S.C. § 1446(b) has elapsed, the Court declines to consider these estimates. *See Rodriguez*, 2019 WL

3026747, at *4 (C.D. Cal. July 11, 2019) ("The NOR cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.") (internal citations omitted); *see also Wrightnour*, 2024 WL 2625993, at *1 (C.D. Cal. May 23, 2024) (discussing only Defendant's waiting time penalty calculation where Defendant's notice of removal "did not specifically address the amount placed in controversy by Plaintiff's other causes of action" and Defendant's opposition raises damages with respect to meal and rest period claims, wage statement claims, and attorneys' fees).

### D. Attorneys' Fees

Defendant asserts that the attorneys' fees in controversy is $4,932,851.60, using 25% of the alleged total amount in controversy of $19,719,805.72 to estimate attorneys' fees. Opp'n at 14-15. "[S]ince defendant did not meet its burden to establish the amount in controversy with respect to any of plaintiff's claims by a preponderance of the evidence, it follows that the court cannot rely on plaintiff's request for attorney's fees, especially where defendant bases its claim on a percentage of the alleged total amount in controversy." *Rodriguez*, 2019 WL 3026747, at *5. Because the attorneys' fees "necessarily rest on flawed calculations," the Court declines to address the reasonableness of the alleged attorneys' fees. *Getaw v. Consol. Disposal Serv., LLC*, No. 221CV06097SVWJPR, 2021 WL 4902465, at *5 n.2 (C.D. Cal. Oct. 20, 2021).

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion. This matter is **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

Dated: September 6, 2024

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE